IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v. ) | Case No.: 06-283 (RMC) |
| ) | |
| **DEREIK S. SIMPSON** ) | |
| ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Dereik S. Simpson signed Waivers of Indictment and Trial by Jury, as well as a plea agreement and Statement of Offense in Court on October 16, 2006. The Court accepted his plea of guilty to a one court Information charging him with Theft of Government Property, in violation of 18 U.S.C. § 641. He is to be sentenced on January 26, 2007. Discussions with Ms. McGill of the Probation Department following her initial draft have yielded the Presentence Investigation Report that the Court has before it presently. Defendant has no objections to the report.

**I.      SENTENCING UNDER BOOKER**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the

facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or which rely upon the Guidelines's mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, "requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[1] It should be noted that the fact-of-prior-conviction exception to the Apprendi rule is based on Almendarez-Torres v. United States, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of Booker itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by Shepard v. United States, 125 S. Ct. 1254 (2005). Shepard sharply limits the Almendarez-Torres exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that Almendarez-Torres was wrongly decided. 125 S. Ct. at 1264 (Thomas, J., concurring).

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));

    (2)    the kinds of sentences available (§ 3553(a)(3));

    (3)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and

    (4)  the need to provide restitution to any victims of the offense. (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or

alcohol dependence, and lack of guidance as a youth. See U.S.S.G. § 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, 59 F.Supp.2d 521(W.D. Va. 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses B he was 17 B and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, 362, 371 F. Supp. 2d 365 (D. Mass. 2005) (Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise B if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed B its opinion would surely say so.

Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines. See <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## II.     APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THIS CASE

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

(A) Nature and Circumstances of Offense

Defendant signed a Statement of the Offense which accurately reflects the nature and circumstances of the offense in this case. Notably, when confronted on February 5, 2005, he immediately accepted full responsibility for his actions and returned the computer that he had previously removed. His entire family has been cooperative with the government's investigation.

(B) History and Characteristics of Mr. Simpson

The Presentence Investigation Report accurately documents Mr. Simpson's background. He comes from a loving and supportive family, obtained a high school diploma and maintained good academic standing as a student at Prince George's Community College from August 2001 to May 2004. This young man, 21 one years-old at the time of the relevant conduct, has no prior criminal history and maintains consistent employment. In fact, he currentlyworks two jobs, one as a lab technician at Hour Eyes and another as a food server at Lonestar Steakhouse.

Every indication before the Court suggests that Mr. Simpson is a pleasant young man who made an isolated mistake. Both he and his family have been embarrassed and significantly distressed by his transgressions in the instant case.

2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:

(A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

While any breach of the law is serious, the only injury here is the generalized societal injury that occurs whenever the law if broken. No individual was harmed and there has been no financial loss. The absence of any aggravating factors suggests that a sentence at the bottom of the agreed upon sentencing range will reflect the seriousness of the offense, promote respect for the law and

provide just punish. Also, through his acceptance of responsibility and cooperation with the government, Mr. Simpson has demonstrated that he already understands the gravity of his mistake.

        (B)      to afford adequate deterrence to criminal conduct

A sentence at the bottom of the agreed upon sentencing range will adequately future deter criminal conduct, particularly by those who are similarly situated with Mr. Simpson. Resolving this matter has embarrassed and distressed the Simpson family. Furthermore, the financial impact of securing private counsel and prospect of explaining the instant conviction will deter criminal conduct by Mr. Simpson and those like him.

        (C)      to protect the public from further crimes of the defendant

Because of his solid family background, level of education, and consistent work history, among other reasons, a relatively light sentence will adequately deter further criminal conduct by Mr. Simpson. These factors suggest that the risk of recidivism is low and a sentence at the bottom of the agreed upon sentencing range would be appropriate.

        (D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

There are is no particular training or correctional treatment that should substantially affect the Court's sentence in this case. There is certainly nothing that suggests that a sentence at the bottom of the agreed upon sentencing range would not promote the applicable statutory objectives.

    3.      The Kinds of Sentences Available

In <u>Booker</u>, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. <u>Booker</u>, 125 S. Ct. at 756. This renders the sentencing guidelines advisory. <u>Id.</u>

Here, Mr. Simpson is eligible for a sentence of probation for a period of not less than one nor more than five years. 18 U.S.C. §§ 3559(a)(3), 3561(a) and ©)(1). He may also be subjected to a fine of no more than $250,000 and must pay a special assessment of $100. 18 U.S.C. §§ 3571(b)(3), 3013(a)(2)(A).

4.   The Sentencing Range Established by the Sentencing Commission

Defendant has stipulated to the sentencing guidelines calculation in this case, which is precisely the same as the computation reflected in the Presentence Investigation Report. Because the total offense level is 8 and Mr. Simpson has no prior criminal history, the guidelines call for a term of imprisonment of 0 to 6 months and provides for probation under the circumstances of this case. Defendant agrees that a sentence within the guidelines would constitute a reasonable sentence.

5.   The Need To Avoid Unwarranted Disparities

Defendant is not aware of any issue regarding unwarranted disparities in the instant case.

6.   The need to provide restitution to any victims of the offense

There is no issue of restitution in the instant case.

### III. CONCLUSION

For the foregoing reasons, Dereik S. Simpson respectfully submits that a sentence of 1 year of probation and 40 hours of community service is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a). This sentence adequately reflects the gravity of Defendant's mistake while recognizing that he is working diligently to ensure that his indiscretions in this matter will not have an unduly negative impact on his life. He has been maintaining employment and has incurred no re-arrests. Any period of incarceration would severely hinder his efforts to better himself and busy himself so that he will not incur any new offenses.

While the Court can impose a fine in the instant case, Defendant submits that it is not necessary to promote the applicable statutory objectives. Mr. Simpson's income is low; and, he and his family have retained private counsel at their own expense.

Respectfully submitted,

___/s/_____
Melvin L. Otey, Esq. #488745
Law Offices of Melvin L. Otey, PLLC
3609 Georgia Ave., NW Suite 200
Washington, DC 20010
(202) 882-0050 FAX
(202) 882-0022

**Attorney for Defendant**
